IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
FEB 28 2018
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| ROBERT H. ALLAND,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR, *et al.*,<br><br>Defendants. | CV 18–16–M–DWM<br><br><br><br>ORDER |

This case concerns a Final Rule issued by the United States Fish and Wildlife Service (the "Service") designating the Greater Yellowstone Ecosystem grizzly bear population as a distinct population segment under the Endangered Species Act ("ESA"), and removing the grizzly from the endangered and threatened species list. 82 Fed. Reg. 30502 (June 30, 2017). On December 5, 2017, Chief Judge Dana Christensen consolidated five cases challenging the Final Rule. (*See Crow Indian Tribe v. United States*, CV 17-89-M-DLC, Doc. 40). On January 9, 2018, this case, which also challenges the Final Rule, was transferred from the Northern District of Illinois to the District of Montana. (Doc. 32.)

Before the Court is Defendants' motion to consolidate this case with the

-1-

five consolidated cases currently pending before Judge Christensen. (Doc. 39.) Plaintiff opposes the motion. (Doc. 49.) Because this case and the five consolidated cases involve common questions of law and fact stemming from the same underlying events, consolidation is appropriate.

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citation omitted).

The situation here favors consolidation. All six cases share common questions of law and fact. As to fact, each case challenges the Final Rule, and will therefore involve analysis of the same administrative record. As to law, each asserts the Service failed to comply with the ESA and the Administrative Procedures Act, and requests substantially similar relief: that the Final Rule be either vacated and set aside and/or the Service be enjoined from enforcing it. While this case raises issues not present in the consolidated cases, such as the claim that the Service violated the ESA's mandatory one-year publication deadline (*see* Doc. 49 at 3), the presence of those issues does not override the benefit of judicial economy and consistent adjudication, and consolidation will not prevent

Plaintiff from prosecuting his unique claims. Nor will consolidation prejudice Plaintiff where this case and the consolidated cases occupy similar procedural postures. *Klayman v. Judicial Watch, Inc.*, 255 F. Supp. 3d 161, 174 (D.D.C. 2017) ("Consolidation is typically favored when the relevant actions have similar procedural postures.") (citation omitted).

Accordingly, IT IS ORDERED that the motion to consolidate (Doc. 39) is GRANTED. This case is consolidated for all further proceedings as a member case under cause number CV 17–89–M– DLC. The Clerk of Court shall file this Order in the docket for each case. Thereafter, all parties shall file all documents in the lead case number CV 17-89-M-DLC and spread the particular documents to the member case.

IT IS FURTHER ORDERED that Defendants' motion to stay (Doc. 50) is DENIED as MOOT.

DATED this 28th day of February, 2018.

Donald W. Molloy, District Judge
United States District Court