# Exhibit 2

FILED
MISSOULA, MT

'03 MAY -9 PM 2:37

PATRICK E. DUFFY, CLERK
BY_____M. Nuti_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| THE WILDERNESS SOCIETY and AMERICAN WILDLANDS,<br><br>           Plaintiffs,<br><br>     vs.<br><br>MARK REY, Undersecretary of Agriculture; RODD RICHARDSON, Forest Supervisor of the Bitterroot National Forest; and UNITED STATES FOREST SERVICE,<br><br>           Defendants. | CV 01-219-M-DWM |
| FRIENDS OF THE BITTERROOT; THE ECOLOGY CENTER, INC.; CENTER FOR BIOLOGICAL DIVERSITY; and THE SIERRA CLUB,<br><br>           Plaintiffs,<br><br>     vs.<br><br>MARK REY, in his official capacity as Undersecretary of Agriculture; RODD RICHARDSON, in his official capacity as Forest Supervisor for | CV 01-220-M-DWM<br><br><br><br><br><br>ORDER |

```
the Bitterroot National Forest;    )
UNITED STATES FOREST SERVICE, an    )
agency of the U.S. Department of    )
Agriculture; UNITED STATES          )
DEPARTMENT OF AGRICULTURE,          )
                                    )
         Defendants.                )
_____)
```

Under the terms of the stipulated dismissal in these matters, parties reserved decisions for attorney's fees. The Court retains jurisdiction of collateral matters, including awards of sanctions and attorney's fees. See <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982); <u>Masalosalo v. Stonewall Insurance Co.</u>, 718 F.2d 955, 956 (9th Cir. 1983).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court shall award fees and expenses to a prevailing party in a matter brought against the United States. Eligibility for a fee award requires that the claimant be the prevailing party, that the position of the government is not substantially justified, that no special circumstances make an award unjust, and that the fee application be submitted within 30 days of final judgment. See <u>INS v. Jean</u>, 496 U.S. 154, 158 (1990).

The government argues that parties here have not shown that they are a "party" for purposes of the Equal Access to Justice Act. First, the government argues that the CV-01-219-M ("Wilderness Society") Plaintiffs claim only that they are 501(c)(3) entities without offering proof of same. Next the government argues that of the CV-01-220-M ("Friends of the

-2-

Bitterroot") Plaintiffs only the Friends of the Bitterroot has even alleged 501(c)(3) status, and that the Sierra Club, as a 501(c)(4) organization that is ineligible for an attorney's fees award under the EAJA, creates a free-rider effect and fees should be denied for all Friends of the Bitterroot Plaintiffs.

Both cases here have qualified parties under the EAJA. All Plaintiffs Except the Sierra Club have submitted proof of their 501(c)(3) organizational status and eligible for fee awards under the EAJA. See 28 U.S.C. § 2412(c)(2)B). In my view the role and contribution of each of the Plaintiffs in Friends of the Bitterroot shows that no free-rider effect would come into play with an award of fees. Information and expertise was provided largely by staff and members of Friends of the Bitterroot and The Ecology Center.

Plaintiffs qualify as prevailing parties within the meaning of the law. A plaintiff prevails "when he or she enters into a legally enforceable settlement agreement against the defendant." Barrios v. California Interscholastic Federation, 277 F.3d 1128, 1134 (9th Cir. 2002). The legal determination here was a favorable ruling on Plainitffs' Appeals Reform Act claim; the government's position on the Appeals Reform Act was rejected. Plaintiffs also entered into an enforceable settlement agreement with the government. The legal relationship of Plaintiffs and the government was "materially altered." See Buckhannon Board and

-3-

Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 602 (2001). The settlement agreement substantially altered the Bitterroot Burned Recovery Area project from what the Forest Service planned to implement. The agreement binds the government to an altered course of management for the Bitterroot Burned Area.

The government argues that its position was substantially justified because the Appeals Reform Act question had never been previously litigated. This argument is novel because if it has legs it would invite litigation challenging the plain meaning of the law for no reason except that it had not been tried before. Even if the question presented was a case of first impression, that fact alone does not render the government's litigation position substantially justified. United States v. Real Property at 2659 Roundhill Drive, Alamo, California, 283 F.3d 1146, 1153 (9th Cir. 2002). See also Gutierrez v. Barnhart, 274 F.3d 1255, 1261-62. The government, for whatever reason, proceeded in the face of an express mandate form Congress prohibiting its actions. Strained statutory readings do not convert to a substantially justified legal position.

Finally, the government argues that the fees requested by Plaintiffs are excessive. The government argues that Plaintiffs' counsel should not be allowed fees for conferencing between themselves and with clients, that the rates and time requested

for research was too high, that fees should not be awarded for any activity prior to the onset of litigation, that Plaintiffs did not obtain all the relief they sought in this case, and that this was a fairly simple review of an administrative matter that did not proceed to trial.

Wilderness Society Plaintiffs request $121,150.00 in attorney's and $5192.89 in costs. Plaintiffs seek fees for six different attorneys, Doug Honnold, Tim Preso, Abigail Dillen, Sanjay Narayan, Susan MacGrath, and Todd True. About one quarter of the attorney's fees requested were associated with the settlement proceedings. Honnold seeks fees at $250 per hour, True seeks $250 per hour, Preso seeks $175 per hour, Narayan seeks $150 per hour, and Dillen and MacGrath seek $125 per hour. These are all reasonable rates for the attorneys in question.

The government argues that Honnold spent excessive time on research in this case, and an attorney purporting to deserve hourly fees of an expert in the field should not have to spend so much time on research. A close inspection of Honnold's billing statement indicates that his research billing is justified and was necessary. The government also argues that fees should not be paid for excessive conferencing between the various attorneys. While Plaintiffs' billing statement reveals that the conferencing was largely to integrate individual efforts, fees for Preso and Dillen shall be reduced by $1,000 each. This determination

reflects the actual contribution of the lawyer involved (a reduction of 8 hours for Dillen and 5.7 hours for Preso). The government also claims that fees for the single deposition of Rodd Richardson are too much. Attorneys True and Dillen both attended the deposition and both billed for their travel time and preparation time. These are appropriate fees.

Friends of the Bitterroot Plaintiffs request $71,215.56 in attorney's fees and $4,933.69 in costs. Plaintiffs seek fees for three attorneys, Liz Mitchell, Marc Fink, and Ronni Flannery. Mitchell performed the bulk of the work for Plaintiffs here, and seeks $160 per hour for 400 hours. Fink consulted on several specific areas for 13 hours and seeks $160 per hour as well. Flannery served as local counsel and seeks $145.54 for work in 2001 and $146 for work in 2002 for a total of 35 hours. These rates are reasonable.

Mitchell's billing statement includes work performed as early as June 2001, about six months before litigation ensued in this matter. The government argues that Plaintiffs should not be awarded fees for work performed prior to litigation, citing Shepard v. Sullivan, 898 F.2d 1267, 1271 (7th Cir. 1990), Vibra-Tech Engineers, Inc. v. U.S., 787 F.2d 1416, 1419 (10th Cir. 1986), and Forest Conservation Council v. Devlin, 994 F.2d 709, 713 (9th Cir. 1993). These cases deal with fees for administrative actions, situations in which the prevailing

plaintiffs' "victory" did not result from litigation, but from the administrative proceedings.

Mitchell's work in the months leading up to filing suit was directly related to the litigation. She did not submit any billing for any participation in the administrative process. Given the Forest Service's repeated explanation that a primary reason to avoid the administrative appeals process was to proceed directly to litigation, arguments here that early preparation for litigation is improperly billed are vacuous.

Ultimately, the government argues that Plaintiffs did not obtain complete domination in victory, so their fees should be reduced. This argument mistakenly ignores the magnitude of what was at stake. This was not a simple lawsuit. The Bitterroot Burned Area Recovery project is the largest such project in the United States and involved dozens of separate sale areas throughout the Bitterroot National Forest. This was also a first attempt by the Forest Service to avoid the clear dictates of the Appeals Reform Act by disallowing administrative appeals. The government itself employed a legion of attorneys in this matter. The case involved swarms of lawyers all around. Qualified and talented attorneys for both Plaintiffs and the government spent many hours working on this case. The quality of the lawyering and the reasonableness of the loggers, the environmentalists, and the agency representatives does not detract from the hard work the

-7-

lawyers did.

The Appeals Reform Act claim was the sole claim in Wilderness Society. Plaintiffs prevailed on each argument about this claim. Plaintiffs in Friends of the Bitterroot prevailed on their Appeals Reform Act claim. Other claims in Friends of the Bitterroot were not decided because the Court required all parties to take part in the settlement conference. The settlement conference here produced a result that allowed logging to proceed immediately on some sale areas and required other areas to undergo further administrative processes prior to offering any sales. The Court ordered the settlement conference. All attorney's fees for the settlement conference and negotiation are proper.

Wherefore IT IS HEREBY ORDERED that Plaintiffs' Motions for Attorney's Fees (CV 01-219-M docket #63 & CV 01-220-M docket #66) are GRANTED.

Plaintiffs in Wilderness Society are due $119,150.00 in attorney's and $5192.89 in costs. Plaintiffs in Friends of the Bitterroot are due $71,215.56 in attorney's fees and $4,933.69 in costs.

Dated this 9th day of May, 2002

Donald W. Molloy, Chief Judge
United States District Court

-8-